The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 01:42 PM June 15, 2021**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| JEREMY DEAN SALYER, | : | CASE NO. 21-60026 |
| | : | |
| Debtor. | : | JUDGE RUSS KENDIG |
| | : | |
| | : | **MEMORANDUM OF OPINION** |
| | : | **(NOT FOR PUBLICATION)** |
| | : | |

Pending before the court is Trustee's Objection to Claimed Exemption (the "Objection"), filed March 8, 2021. Debtor responded to the Objection on April 26, 2021, and Trustee filed a brief in support of the Objection on May 12, 2021. A hearing was held on May 24, 2021. Debtor filed a brief in opposition to the Objection on June 7, 2021. For the reasons set forth below, the Objection is sustained, and Debtor's exemption is disallowed.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. Gen. Ord. No. 2012-07 (N.D. Ohio April 4, 2012). This matter is a core proceeding in which the court has statutory authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(B). And because the matter "stems from the bankruptcy itself," the court also has constitutional authority to enter final orders and judgments. Stern v. Marshall, 564 U.S. 462, 499 (2011). Pursuant to 28 U.S.C. § 1408, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052, as made applicable in this contested matter under Fed. R. Bankr. P. 9014(c).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

The facts are not disputed. Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on January 8, 2021 (the "Petition Date"). On Schedule A/B, as amended, Debtor listed an interest in real property located at 216 North Kibler Street, New Washington, Ohio 44854 (the "Property"). (ECF No. 1 at 11; ECF No. 11 at 3.) Debtor and his wife reside on the Property; however, the Property is wholly owned by Salyer Holdings, LLC. (Id.) Debtor is the managing member and sole owner of Salyer Holdings, LLC. (ECF No. 28 at 1; see also ECF No. 1 at 49.) On Schedule C, Debtor claimed a homestead exemption in the Property pursuant to Ohio Revised Code § 2329.66(A)(1). (ECF No. 1 at 17.) In the Objection, Trustee contends that Debtor's exemption is improper. The court agrees.

## DISCUSSION

### I. Exemptions

Property of the estate generally includes all legal and equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). Notwithstanding § 541(a)(1), a debtor may exempt certain property from the bankruptcy estate, moving it beyond the reach of creditors. 11 U.S.C. § 522(b); Menninger v. Schramm (In re Schramm), 431 B.R. 397, 400 (B.A.P. 6th Cir. 2010). Exemptions help facilitate a debtor's "fresh start." Clark v. Rameker, 573 U.S. 122, 124 (2014) (citing Rousey v. Jacoway, 544 U.S. 320, 325 (2005)); cf. In re Malsch, 400 B.R. 584, 587 (Bankr. N.D. Ohio 2008) ("[E]xemptions promote a variety of public-policy aims: (1) providing the debtor with that property which is necessary for their survival; (2) enabling the debtor to rehabilitate themselves; and (3) protecting the debtor's family from the adverse effects of impoverishment."). A state may adopt the federal exemptions contained in 11 U.S.C. § 522 or create its own exemption framework. See 11 U.S.C. § 522(b)(1). "Ohio has replaced the federal exemptions with its own state exemptions, which are those generally available to debtors under Ohio's general debtor-creditor law." Storer v. French (In re Storer), 58 F.3d 1125, 1127 (6th Cir. 1995); see also Ohio Rev. Code § 2329.662.

### II. Burdens

"There is a *prima facie* presumption that an exemption is proper." In re Aubiel, 534 B.R. 300, 304 (B.A.P. 6th Cir. 2015) (citing In re Kimble, 344 B.R. 546, 551 (Bankr. S.D. Ohio 2006)). The burden of proof rests on the objecting party to establish, by a preponderance of evidence, that the exemption is not properly claimed. Hamo v. Wilson (In re Hamo), 233 B.R. 718, 723 (B.A.P. 6th Cir. 1999) (citing In re Hoppes, 202 B.R. 595, 597 (Bankr. N.D. Ohio 1996)). Once there is sufficient evidence to rebut the *prima facie* validity of an exemption, the burden shifts to the debtor to demonstrate that the exemption is proper. Aubiel, 534 B.R. at 304 (citing In re Rhinebolt, 131 B.R. 973, 975 (Bankr. S.D. Ohio 1991)).

### III. Ohio's Homestead Exemption Statute

Debtor claimed a homestead exemption in the Property under Ohio Revised Code § 2329.66(A)(1). The relevant portion of that statute provides for an exemption of "the person's interest, not to exceed [$145,425],[1] in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." Ohio Rev. Code § 2329.66(A)(1)(b). To be entitled to Ohio's homestead exemption, a debtor must: (1) have an interest in the property; and (2) use the property as a residence. In re McCormick, No. 14-33315, 2015 Bankr. LEXIS 2585, at *7 (Bankr. N.D. Ohio Aug. 4, 2015). Here, there is no dispute that the Property is Debtor's residence. The only question is whether Debtor has an interest in the Property.

#### A. Lack of Controlling Authority

The Supreme Court of Ohio has not identified what constitutes an "interest" in property for purposes of Ohio Revised Code § 2329.66(A)(1)(b). Thus, the court must predict how the Supreme Court would decide this issue. United States v. Simpson, 520 F.3d 531, 535 (6th Cir. 2008) (citing Meridian Mut. Ins. Co. v. Kellman, 197 F.3d 1178, 1181 (6th Cir. 1999)). The court may "rely upon analogous cases and relevant dicta in the decisional law of the State's highest court . . . ." Welsh v. United States, 844 F.2d 1239, 1245 (6th Cir. 1988) (citations omitted). The court may also consider "the decisional law of the state's lower courts, other federal courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the 'majority rule' in making this determination." Meridian, 197 F.3d at 1181 (quoting Grantham & Mann v. Am. Safety Prods., 831 F.2d 596, 608 (6th Cir. 1987)).

When interpreting statutes, the Supreme Court of Ohio has stated that the "court's principal concern is the legislative intent in enacting the statute." Carnes v. Kemp, 821 N.E.2d 180, 183 (Ohio 2004) (citing State ex rel. Francis v. Sours, 53 N.E.2d 1021, 1023 (Ohio 1944)). "In order to determine such intent, a court must first look at the words of the statute itself." Carnes, 821 N.E.2d at 183 (citing Provident Bank v. Wood, 304 N.E.2d 378, 381 (Ohio 1973)). In Ohio, exemption provisions are to be liberally construed in favor of the debtor. In re Bunnell, 322 B.R. 331, 334 (Bankr. N.D. Ohio 2005) (citing Morris Plan Bank of Cleveland v. Viona, 170 N.E. 650, 651-52 (Ohio 1930)). "There are, however, limits - as exemptions are entirely creatures of statute, and thus a court cannot create an exemption where one does not exist; nor can a court go contrary to the express language of the statute." Bunnell, 322 B.R. at 334 (citing Viona, 170 N.E. at 651-52).

#### B. "Interest" is Broader than "Ownership"

Starting with the relevant language of the statute, Ohio Revised Code § 2329.66(A)(1)(b) allows for an exemption of "the person's *interest* . . . in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence." Ohio Rev. Code

---

[1] The Ohio Judicial Conference is authorized to periodically change the exemption amounts. Ohio Rev. Code § 2329.66(B). The adjusted dollar amounts do not appear in the statute; however, that information may be accessed by visiting the Ohio Judicial Conference website. Ohio Judicial Conference, http://www.ohiojudges.org/.

3

§ 2329.66(A)(1)(b) (emphasis added).[2] Black's Law Dictionary defines an "interest" in property as:

> The most general term that can be employed to denote a property in lands or chattels. In its application to lands or things real, it is frequently used in connection with the terms 'estate,' 'right,' and 'title,' and, according to Lord Coke, it properly includes them all. More particularly it means a right to have the advantage accruing from anything; any right in the nature of property, but less than title; a partial or undivided right; a title to a share. The terms 'interest' and 'title' are not synonymous. A mortgagor in possession, and a purchaser holding under a deed defectively executed, have, both of them, absolute as well as insurable interests in the property, though neither of them has the legal title.

Black's Law Dictionary (2d ed. 2019), https://thelawdictionary.org/interest/ (last visited June 9, 2021) (citations omitted). Although the Supreme Court of Ohio has not defined "interest" in Ohio Revised Code § 2329.66(A)(1)(b), the Court has indicated in cases addressing issues of real property taxation that the term "interest" is broader than ownership or title. See Gilman v. Hamilton Cnty. Bd. of Revision, 937 N.E.2d 109, 114 (Ohio 2010) (explaining that the Court has "construed 'owner' narrowly to encompass only the legal-title holder and not the holder of an equitable interest in the property." (citations omitted)).

Bankruptcy courts in Ohio have predicted that the Supreme Court of Ohio "would find a variety of debtor interests in property amounting to less than titled ownership to qualify as an 'interest' for purposes of application of § 2329.66(A)(1)(b)." In re Pugh, No. 15-30102, 2015 Bankr. LEXIS 2911, at *8-10 (Bankr. N.D. Ohio Aug. 31, 2015) (debtors permitted to claim homestead exemption due to debtor-wife's right to inherit property from mother who died intestate prepetition and debtor-husband's dower rights); In re Vess, No. 17-31092, 2018 Bankr. LEXIS 298, at *13-14 (Bankr. N.D. Ohio Feb. 5, 2018) (debtor who was settlor and beneficiary of trust with beneficial interest in property held by the trust had sufficient interest to claim homestead exemption); In re Starr, 485 B.R. 835, 839 (Bankr. N.D. Ohio 2012) (debtor who was donee, trustee, and beneficiary of trust and had legal and beneficial interest in trust property was permitted to claim homestead exemption); Kimble, 344 B.R. at 552-55 (debtors with remainder interest in real estate subject to debtor-husband's mother's life estate were permitted to claim

---

[2] The entire provision states:

> A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order, as follows:
> 
> . . .
> 
> (b) In the case of all other judgments and orders, the person's interest, not to exceed [$145,425], in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

Ohio Rev. Code § 2329.66(A)(1)(b).

21-60026-rk    Doc 43    FILED 06/15/21    ENTERED 06/15/21 14:41:02    Page 4 of 8

homestead exemption); In re Wycuff, 332 B.R. 297, 302-03 (Bankr. N.D. Ohio 2005) (debtor-husband's dower interest was sufficient interest to claim homestead exemption); see also In re Billerman, 88 B.R. 133, 135 (Bankr. N.D. Ohio 1988) (debtors' equity of redemption rights constituted an "interest" for purposes of prior version of Ohio homestead exemption statute).

### C. *A Membership Interest in an LLC Does Not Grant a Member an "Interest" in the Company's Property Under Ohio Law*

In cases involving identical or almost identical facts to this case, bankruptcy courts in Ohio have denied attempts by debtors to use Ohio's homestead exemption for real property owned by an LLC. See, e.g., In re Schmakel, No. 12-33813, 2013 Bankr. LEXIS 611, at *9-10 (Bankr. N.D. Ohio Feb. 14, 2013) (debtor who was a partial owner of LLC could not claim homestead exemption for property owned by the LLC); In re Breece, No. 12-8018, 2013 Bankr. LEXIS 203, at *30 (B.A.P. 6th Cir. Jan. 8, 2013) (debtor who was sole owner of LLC could not claim homestead exemption for property owned by the LLC); In re Stewart, No. 09-37257, 2010 Bankr. LEXIS 6517, at *27 (Bankr. N.D. Ohio Oct. 1, 2010) (joint debtors who were sole owners of LLC could not claim homestead exemption for property owned by the LLC). These courts have predicted that the Supreme Court of Ohio would find that a membership interest in an LLC does not give a debtor an interest in the LLC's property.

For example, Trustee cites Schmakel in his Objection. There, the debtor's residence was wholly owned by an LLC, of which the debtor was a partial owner. The debtor claimed a homestead exemption in the property, and the trustee objected. Judge Speer sustained the trustee's objection, relying primarily on the Sixth Circuit Bankruptcy Appellate Panel's (the "BAP") decision in Breece.

In Breece, the BAP held that a debtor's membership interest in an LLC was not sufficient to bestow on her an interest in real property wholly owned by the LLC. Like the instant case, the debtor in Breece was the sole member of the LLC, and the property was used as the debtor's residence. The BAP affirmed the bankruptcy court's decision disallowing the debtor's homestead exemption. The BAP explained that a membership interest in an LLC is considered personal property under Ohio Revised Code § 1705.17, and it grants a member the right to share in the company's profits and losses, as well as the right to receive distributions from the company, under Ohio Revised Code § 1705.01(H). However, under Ohio Revised Code § 1705.34, a membership interest in an LLC does not confer on members an interest in company property. Therefore, even though the debtor was the sole owner of the LLC that owned her residence, her membership interest in the LLC did not give her an interest in the property. The BAP explained that the Supreme Court of Ohio would likely reach the same conclusion because, among other reasons, in Gaylord v. Imhoff, 26 Ohio St. 317 (Ohio 1875) the Court declined to extend a "head of family" exemption to partners claiming an exemption in partnership property.

In Stewart, an analogous case cited by the BAP in Breece, Judge Whipple held that debtors could not claim a homestead exemption under Ohio law in property owned by their LLC. The debtors in Stewart were the sole owners of the LLC. Judge Whipple explained that "an individual's status as a member of a limited liability company does not result in an ownership interest in property owned by the entity." Stewart, 2010 Bankr. LEXIS 6517, at *11 (citing

Firstmerit Bank, N.A. v. Wash. Square Enters., No. 88798, 2007 Ohio App. LEXIS 3561, at *9-10 (Ohio Ct. App. 2007)). Judge Whipple also explained that the debtors' possession of the residence after they deeded their interests to the LLC amounted to nothing more than a tenancy at will, which the court found did not constitute an "exemptible interest" under Ohio Revised Code § 2329.66(A)(1)(b). Id. at *14 (citing Simon v. Citimortgage, Inc. (In re Doubov), 423 B.R. 505, 514 (Bankr. N.D. Ohio 2010)).

Other courts have reached the same conclusion when dealing with homestead exemption statutes in different jurisdictions. See, e.g., In re Hewitt, 576 B.R. 790, 797-98 (Bankr. D. Vt. 2017) (debtor not entitled to claim Vermont homestead exemption in property held by debtor's LLC since debtor did not have an interest in the property); Nw. Cascade, Inc. v. Unique Constr., Inc., 351 P.3d 172, 179-82 (Wash. Ct. App. 2015) (shareholders could not claim Washington homestead exemption in corporate property because they held no legal or equitable interest in the property); In re Coenen, 487 B.R. 539, 540-43 (Bankr. W.D. Wisc. 2012) (Wisconsin homestead exemption statute did not permit debtor to claim exemption in property owned by debtor's LLC); In re Kane, No. 10-18898, 2011 Bankr. LEXIS 2007, at *20-21 (Bankr. D. Mass. May 23, 2011) (debtors not entitled to claim Massachusetts homestead exemption in property owned by LLC of which they were the only members). The common thread underlying these decisions is the ubiquitous principle of corporate law that a membership interest in an LLC does not confer on its members an interest in the company's property.

Based on this large body of case law, the court predicts that the Supreme Court of Ohio would find that a debtor's membership interest in an LLC does not give the debtor an exemptible "interest" in the company's property under Ohio Revised Code § 2329.66(A)(1)(b). To say otherwise would be to effectively create an exception to the fundamental concept of corporate law embodied in Ohio Revised Code § 1705.34, which the court cannot do. See State ex rel. Stoll v. Logan Cnty. Bd. of Elections, 881 N.E.2d 1214, 1222 (Ohio 2008). Accordingly, the court finds that Trustee has met his burden of rebutting the *prima facie* validity of Debtor's claimed exemption.

*D. Debtor Has Not Met His Burden of Demonstrating the Exemption is Proper*

Debtor raises several arguments. First, Debtor argues that Schmakel is inapposite because: (i) the debtor in that case was only a partial owner of the LLC that owned the real property; and (ii) the court "found that the debtor had an interest in subject real estate capable of being seized by the trustee but found that the same interest would not support the claimed exemption." (ECF No. 28 at 3). Debtor's first point is a distinction without a difference. Whether an individual holds a 1% or 100% membership interest in an LLC, that membership interest does not give the individual an interest in the company's property. Regarding Debtor's second point, the court in Schmakel stated in a footnote that the bankruptcy estate's interest in the property was "limited and derived solely from the prepetition interest the Debtor held in the LLC which is property of the Debtor's estate." 2013 Bankr. LEXIS 611, at *9, n. 1. The court did not elaborate further on this point. Nevertheless, the statement was not material to the court's decision.

6

Second, Debtor urges the court not to follow Breece. Debtor argues that the BAP's reliance on Gaylord was misplaced because Gaylord was limited by Hill v. Myers, 46 Ohio St. 183 (Ohio 1889). The court disagrees. In Gaylord, the Supreme Court of Ohio held that members of an insolvent partnership were not entitled to claim an exemption in partnership property, notwithstanding the fact that all the partners joined in demanding the exemption. In Hill, the debtor-wife claimed a homestead exemption in property that she owned as a tenant in common. The creditor in Hill cited Gaylord in support of its argument that the debtor-wife's homestead exemption was improper. But the Court distinguished Gaylord, noting that Gaylord involved a different exemption claimed by partners in partnership property. Nothing about Hill limited the holding in Gaylord. Even if Debtor was correct, however, Debtor's argument ignores the fact that the decision in Breece also relied on Ohio corporate law.

Although case law varies regarding the precedential value of a BAP decision, see, e.g., Rhiel v. OhioHealth Corp. (In re Hunter), 380 B.R. 753, 772-74 (Bankr. S.D. Ohio 2008) (summarizing the different approaches), the top of the first page of the Breece opinion states that the precedential effect of the decision is limited to the case and parties. Thus, Breece has no precedential effect in this case. See 6th Cir. BAP LBR 8024-1(b) ("A panel may limit the precedential effect of a decision to the case and parties before it by so stating in its decision."). Even so, the decision is directly on point with this case, and the court finds it persuasive.

Finally, Debtor correctly points out that exemptions should be construed liberally in favor of the debtor. But "[u]se of the term 'liberal construction' does not mean 'words and phrases shall be given an unnatural meaning, or that the meaning shall be enlarged or expanded to meet a particular state of facts.'" Breece, 2013 Bankr. LEXIS 203, at *21 (quoting Dennis v. Smith, 180 N.E. 638, 640 (Ohio 1932)); see also In re Kudela, 427 B.R. 643, 650 (Bankr. N.D. Ohio 2010) (the court "is not free to create an exemption where none exists."). To be clear, the court is not holding that a debtor can never have an interest in real property owned by an LLC. Ohio law does recognize certain equitable interests in real property, although Debtor has not argued that any of these situations are present. In this case, the court is only predicting that the Supreme Court of Ohio would find that a debtor's membership interest in an LLC does not grant the debtor an interest in the company's property for purposes of Ohio Revised Code § 2329.66(A)(1)(b). Debtor has not cited any authority in support of a contrary proposition. Consequently, Debtor has failed to meet his burden of demonstrating that the exemption is proper.

## CONCLUSION

For these reasons, Trustee's Objection is sustained, and Debtor's exemption is disallowed. The court will enter a separate order in accordance with this opinion.

**Service List**:

Robert P. Soto
Billmaier & Cuneo, LLC
28366 Kensington Lane, Suite 1
Perrysburg, OH 43551

Anthony J. DeGirolamo, Trustee - Mansfield
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718